UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **CRAIG THOMAS DAWSON,** | Civil No.  05-1092-KI |
| **Plaintiff,** | |
| v. | |
| **DARCI L. BAKER, et al.,** | SUMMARY  JUDGMENT  ADVICE  NOTICE |
| **Defendants.** | |

  Defendants have filed a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or

authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Local Rule 56.1 of the District Court requires that the party moving for summary judgment file a separate Concise Statement of Material Facts. As part of your opposition to a motion for summary judgment, you must include a response to the separate Concise Statement of Material Facts. You must respond to each numbered paragraph of the moving parties facts by: (1) accepting or denying each fact contained in the moving party's concise statement, or (2) articulating opposition to the moving party's contention or interpretation of the undisputed material fact. You are advised that material facts set forth in the moving party's concise statement will be deemed admitted unless specifically denied, or otherwise controverted by you.

## CONCLUSION

Plaintiff shall file his opposition to defendants' motion for summary judgment on or before April 26, 2010. Defendants may file a reply by May 14, 2010. Defendants' motion for summary judgment (#77) shall be taken UNDER ADVISEMENT on May 17, 2010.

IT IS SO ORDERED.

DATED this 31st day of March, 2010.

/s/ Garr M. King
GARR M. KING
United States District Judge

SUMMARY JUDGMENT ADVICE NOTICE