IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CRAIG THOMAS DAWSON**, | Civil Case No. 05-1092-KI |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| **DARCI L. BAKER, LENN HANNON,** and **MICHAEL WASHINGTON,** | |
| Defendants. | |

       Craig Thomas Dawson
       OSP
       #6474290
       2605 State St.
       Salem, Oregon  97310

            Pro Se Plaintiff

Page 1 - OPINION AND ORDER

      E. Aaron Sprague
      Oregon Department of Justice
      Trial Division
      1162 Court Street NE
      Salem, Oregon  97301

           Attorney for Defendant

KING, Judge:

    Plaintiff Craig Dawson, appearing pro se, brings this action against members of the Board of Parole and Post-Prison Supervision ("the Board"), asserting that during his parole hearing, the Board applied administrative rules that were not in effect at the time of his conviction, in violation of his constitutional rights. Dawson alleges that application of the rule, OAR 255-075-096(1), lengthened his original sentence of 120 months to a "true life" sentence. Before the court are the parties' cross motions for summary judgment (doc. ## 77, 82) and several miscellaneous motions filed by Dawson (doc. ## 86, 97, 98, 100, 101, 102, 105, 107, 108, 109, 110).

## FACTUAL AND PROCEDURAL BACKGROUND

    Dawson is an inmate at the Oregon State Penitentiary. He was convicted of murder in 1985 and given a life sentence. The Board determined his matrix range to be between 96 and 120 months, and set his prison term at 120 months.

    After a hearing in 1988, the Board reduced Dawson's prison term by seven months; in 1991, the Board reduced his term by another 12 months. Dawson challenged this action, claiming that he had received a smaller time reduction than he should have been granted, and that by allowing victims' representatives to attend and testify at his hearing, the Board violated the ex post facto clauses of the Oregon and United States constitutions. The Oregon Court of Appeals

rejected Dawson's claims. Dawson v. Bd. of Parole and Post-Prison Supervision, 860 P.2d 878 (Or. App. 1993).

Dawson was released from prison in December 1993, after serving 103 months. Upon his release, he was paroled for 36 months. Dawson's parole was revoked on May 7, 1996. In June 1996, he was convicted of being a Felon in Possession of a Weapon. His parole was revoked and he was sentenced to 24 months in prison. The Board held a future disposition hearing in December 1996, after which the Board denied Dawson re-release on parole, finding aggravating factors and that he could not be adequately controlled in the community. This resulted in a "true life" sentence. Dawson sought administrative review of this ruling. The Board rejected his arguments and denied relief.

In 1999, Dawson filed a petition for writ of habeas corpus in the Circuit Court for Umatilla County, asserting that the Board had unlawfully applied a "true life" sentence and, in denying re-release on parole on the basis of the 1991 version of OAR 255-77-096, violated his constitutional right against ex post facto laws. The case, Dawson v. Morrow, No. 00C13113, was transferred to Marion County, where it was dismissed with prejudice on June 13, 2000. Dawson filed another petition for writ of habeas corpus in Marion County in 2002, Dawson v. Czernik et al., No. 02C13483, asserting that he had been denied medical attention for life-threatening injuries. The court dismissed the writ after a trial. On November 10, 2002, Dawson filed another petition for writ of habeas corpus in Marion County, Dawson v. Belleque, No. 03C11193, again asserting that his rights had been violated because the Board ordered 36 months of post-prison supervision. The case was dismissed with prejudice on October 28, 2003. In 2003, while the 2002 habeas action was pending, Dawson filed an administrative request for the

Page 3 - OPINION AND ORDER

Board to reopen and reconsider its "true life" ruling. The Board denied the request. Dawson sought judicial review, and the action was eventually dismissed. Dawson v. Board of Parole and Post Prison Supervision, 217 P.3d 1055, 1059 (Or. 2009).

Dawson has filed three petitions for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254: Dawson v. Schiedler, No. CV 00-1396-TC, which was denied because it was procedurally defaulted; Dawson v. Belleque, No. CV 06-12-KI, which was dismissed because it was successive; and Dawson v. State of Oregon, No. CV 09-1198-AC, challenging his murder conviction on the ground of actual innocence, which is on appeal.

## STANDARDS

A party is entitled to summary judgment if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact[.]" Fed. R. Civ. P. 56(c)(2). Summary judgment is not proper if material factual issues exist for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995). A genuine dispute arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." State of California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

On a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and must draw all reasonable inferences in the non-movant's favor. Clicks Billiards Inc. v. Sixshooters Inc., 251 F.3d 1252, 1257 (9th Cir. 2001).

# DISCUSSION

I.    <u>Cross motions for summary judgment</u>

Defendants move for summary judgment on four grounds: 1) Dawson's claims should be dismissed for lack of jurisdiction because they are precluded under res judicata and collateral estoppel; 2) Dawson's claims are barred as claims under 42 U.S.C. § 1983 by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); 3) Dawson's claims are time-barred; and 4) Board members and their staff are entitled to immunity from suit.

Dawson moves for summary judgment in his favor on the grounds that 1) the defendants' factual allegations are not correct, so that summary judgment for defendants is precluded by a genuine issue of material fact; and 2) that his constitutional rights have been violated.

The Constitution's Full Faith and Credit Clause provides:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. Art. IV, § 1.

Pursuant to that Clause, Congress has prescribed:

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738. Full faith and credit requires federal courts to give state court judgments "the same preclusive effect that those judgments would be given in the courts of the State from which the judgments emerged." <u>Kremer v. Chemical Constr. Corp.</u>, 456 U.S. 461, 466 (1982).

Defendants argue that Dawson has had the opportunity to litigate in state court the same claims asserted here, and is therefore precluded from continuing to assert those claims. Alternatively, defendants argue that collateral estoppel also bars Dawson's claims. See Kremer, 456 U.S. 461, 467 n.6 (1982) (once a court decides an issue of fact or law necessary to its judgment, decision precludes relitigation of the same issue on a different cause of action between the parties). A judgment in a state habeas corpus proceeding precludes relitigation of the same issue if the state court afforded a full and fair opportunity for the issue to be heard. Silverton v. Dep't of Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981).

Dawson responds that the habeas petitions in this court "reactivated" his state habeas proceedings, and asks that his habeas actions in state court be made "part of the evidence record" of this case. This argument fails because, as defendants point out, a federal habeas petition challenging state custody under 28 U.S.C. § 2254 is an original petition in the federal court. Further, it has no effect on the finality of judgments entered by state courts in proceedings litigating the same issues between the same parties.

Defendants also assert that because Dawson's claims essentially challenge the duration of his confinement, they are barred by the Supreme Court's decision in Heck that habeas corpus is the exclusive remedy for an inmate challenging the fact or duration of his confinement. 512 U.S. at 481. In Heck, the Court also held that a state prisoner cannot recover damages in a § 1983 action if a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence." Id. at 487; see also Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (action under § 1983 by state prisoner barred regardless of relief sought or target of the suit, *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration)

Page 6 - OPINION AND ORDER

(emphasis in original).  I agree with defendants' argument that Dawson's claims as stated implicate the legality and the duration of Dawson's confinement because they challenge the Board's determination of Dawson's prison term.

Defendants also assert that Dawson's claims are untimely because they accrued more than two years before commencement of this action.  I agree.  Section 1983 claims are governed by the state's statute of limitations for personal injury actions.  Wilson v. Garcia, 471 U.S. 261 (1985).  In Oregon, the limitations period for such claims is two years.  Or. Rev. Stat. § 12.110(1).  This action was filed on July 13, 2005, but the gravamen of Dawson's complaint is the Board's decisions in 1993 and 1996.  It is evident, from the fact that Dawson filed state court actions based on those actions in 1999 and 2003, that Dawson knew of the alleged injury that is the basis for this action more than two years before he filed this action.

Finally, defendants contend that Board members and their assistants are entitled to absolute immunity from suit.  I agree.  See, e.g., Brown v. California Dept. of Corrections, 554 F.3d 747, 751 (9th Cir. 2009) (parole board members entitled to absolute immunity for parole board decisions).  Defendants' motion for summary judgment is granted.  Dawson's motion for summary judgment is denied.

II.     Dawson's other motions

Dawson's Motion for Default Judgment is denied.

Dawson's motion for temporary restraining order is denied, in accordance with the court's oral ruling on September 29, 2010.

In accordance with the court's ruling at the hearing held on September 29, 2010, the court treats Dawson's motions to submit evidence (doc. ## 97, 98, 100, 102, 105, 108, 109, 110) as declarations, and has considered them as such. Dawson's motion to strike is denied.

Dawson's motion asking the court to separate his request for a restraining order from this action is denied as moot, in view of the court's denial of Dawson's motion for restraining order.

## CONCLUSION

Defendants' motion for summary judgment (doc. # 77) is GRANTED. Dawson's motion for summary judgment (doc. # 82) is DENIED. The motion for default judgment (doc. # 86) is DENIED. Plaintiff's motions to submit evidence (doc. ## 97, 98, 100, 102, 105, 108, 109, 110) are deemed declarations. Plaintiff's motion to strike (doc. # 107) is DENIED. Plaintiff's motion to separate the motion for restraining order from this action (doc. # 101) is DENIED as moot.

IT IS SO ORDERED.

Dated this ____9th____ day of November, 2010.

                                             /s/ Garr M. King
                                             Garr M. King
                                             United States District Judge